UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** v. **MANASSEH JORDAN MINISTRIES, INC., BULLION FITNESS INC., KINGDOM MINISTRIES CHURCH, INC., YAKIM MANASSEH JORDAN, AKA MANASSEH JORDAN, MJ MINISTRIES SPREADING THE GOSPEL, INC., AND JOHN/JANE DOES 1-5** **Defendants** | Civil Action No. 4:19-cv-00494 |

**Plaintiff's Request for Judicial Notice and Supplemental Response in Opposition to the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

The Plaintiff is submitting this supplemental response based on newly acquired information that is highly relevant to the Defendants' pending motion.

First, the Plaintiff has obtained evidence in discovery that MJ Ministries Spreading the Gospel, Inc. is directly involved with Yakim Jordan and is directly involved in the telemarketing calls placed to the Plaintiff, contrary to the position taken by the Defendant MJ Ministries Spreading the Gospel, Inc.

Second, Plaintiff has obtained evidence that Yakim Jordan is affiliated with MJ Ministries Spreading the Gospel, Inc., despite claims to the contrary.

Third, Plaintiff has obtained evidence that the affidavits by Luther McKinstry in

support of the Defendant's Motion to Dismiss were inaccurate and potentially resulted in perjury.

## ARGUMENT

### A. Yakim Jordan maintained an account at Ytel, Inc., an automated telephone dialing company, in the name of Manasseh Jordan Ministries, which Defendant MJ Ministries Spreading the Gospel, Inc. used.

According to an affidavit from Ytel, Inc.'s custodian of records, Yakim Jordan ("Yakim") was a customer of Ytel and maintained a dialing account for making automated telephone calls under the name of "Manasseh Jordan Ministries". (Ex. A.) Yakim Jordan formed the Ytel account, numbered 18307, in February 2013 and maintained it through 2020. Yakim Jordan is named as the account owner. Yakim Jordan placed some 195 calls to the Plaintiff from December 2018 through December 2019 through Ytel, for which Ytel provided phone records. (Ex. B.) Yakim had 8,523 caller ID numbers assigned to his Ytel account for placing outgoing calls. Of these 8000+ caller ID's, 539 were Texas based phone numbers for which Yakim utilized to place outgoing telephone calls to Texas residents in order to trick them into thinking they were receiving calls from someone in Texas. (Exs. C, C-1.) In total, Yakim placed at least 95 calls from December 2018 through December 2019 from Texas caller ID's to the Plaintiff's Texas number through Ytel. (Ex. D.)

By placing almost 100 calls over the course of a year using Texas numbers to a Texas area code, Yakim, Manasseh, and MJ Ministries Spreading the Gospel have purposely availed themselves of the benefits and protections of Texas, and are therefore subject to specific personal jurisdiction in Texas for these calls.

**B. MJ Ministries Spreading the Gospel, Inc. paid Ytel directly for the dialing minutes used by the aforementioned account purportedly in Yakim Jordan's name**

Bank records for MJ Ministries Spreading the Gospel, Inc. ("MJ Spreading") reflect that MJ Spreading paid Ytel $56,500 over the span of three months in 2019 for dialing minutes. MJ Spreading deposited these funds into the Ytel account for Yakim Jordan and Manasseh Jordan Ministries, Inc ("MJ Ministries"). (Exs. E, E-1.) There are 8 wire transfers are summarized below in a table:

| July 2019 | $12,500.00 | 6 month total | 8 transactions |
|---|---|---|---|
| $5,000.00 | 07/15 | $56,500.00 | |
| $5,000.00 | 07/22 | | |
| $2,500.00 | 07/30 | | |
| June 2019 | $35,000.00 | | |
| $15,000.00 | 06/03 | | |
| $15,000.00 | 06/10 | | |
| $2,500.00 | 06/19 | | |
| $2,500.00 | 06/25 | | |
| May 2019 | 0 | | |
| April 2019 | $9,000.00 | | |
| $9,000.00 | 04/04 | | |

Defendant MJ Spreading denied under oath paying any money to Ytel in 2019 (Def. MJ Spreading's Resp. to Interrogs. #2, 17.) and denied retaining Ytel in any capacity in 2019 (Def. MJ Spreading's Resp. to Interrog. #2.) In their sworn interrogatory responses, MJ Spreading also denied having the ability to engage in automated telephone solicitations (Def. MJ Spreading's Resp. to Interrogs. #1, 9.) However, these assertions are incongruous with the fact that MJ Spreading paid over $56,500 to Ytel into account number 18307, which placed 195 calls to the Plaintiff, not to mention thousands of other Texans. MJ Spreading further denied under oath knowing the identity of or having the contact information for the entity that called the Plaintiff, despite directly having deposited funds into the Ytel account owned by Yakim Jordan and MJ Ministries. (Def.

MJ Spreading's Resp. to Interrog. #3., Ex. F.)

By directly paying for the dialing minutes used to call into Texas, MJ Spreading has taken affirmative steps that it knew would result in calls into Texas, and, in so doing, purposefully availed themselves of monetary benefit from Texas residents, and the benefits of the Texas economy. Additionally, by maintaining 500+ Texas phone numbers associated with the Ytel account, MJ Spreading has demonstrated that connect with Texas, including its courts, is reasonably foreseeable. It has demonstrated a willingness to be hailed by and contacted by Texas residents at its local telephone numbers, and therefore it is likewise foreseeable that it may be hailed into court in Texas.

    C. **MJ Ministries Spreading the Gospel paid Manasseh Jordan's account at Ytel for dialing minutes during months in which the Plaintiff received telemarketing calls from Yakim Jordan**

MJ Spreading paid Ytel directly for dialing minutes used by Yakim Jordan's Ytel account in multiple months duirng which the Plaintiff received calls. (Ex. D Highlighted Cells .) This evidence establishes a monetary trail between MJ Spreading, Yakim Jordan, MJ Ministries, and the illegal telemarketing calls received by the Plaintiff in Texas.

By paying directly for the dialing minutes that resulted in calls into Texas, using Texas-based phone numbers, MJ Spreading have purposefully availed themselves of the benefits of Texas, anticipated collecting money from Texas residents, and certainly could have anticipated being hailed into court in Texas as the result of their "charitable" solicitations to Texas residents, not only arising out of telemarketing violations, but also for violations of, *inter alia*, Texas' Business and Commerce and Business Organization codes.

    D. **Yakim Jordan is a signer on the PayPal account for MJ Ministrises Spreading the Gospel, Inc., which indicates a clear financial relationship and**

**control between Yakim Jordan and MJ Ministries Spreading the Gospel, Inc.**

Despite the repeated and false sworn representations and affidavits to the court by two purported MJ Spreading officers, Steven Sledge and Luther McKinstry, that MJ Spreading has no relationship with MJ Ministries or Yakim Jordan individually, nothing could be further from the truth (Exs. H, I.) This is becauseYakim Jordan listed as a signer on MJ Spreading's financial accounts. (Ex. J.) Yakim was a signer on this account as early as November 7, 2019. Furthermore, the wire transfers to Yakim's Ytel account occurred in the middle of 2019, before purported MJ Spreading officer Steven Sledge signed his affidavit, indicating that Sledge knew he was falsely signing a document when MJ Spreading's bank records demonstrate payments, and therefore an affiliation, between MJ Spreading and Yakim Jordan and MJ Ministries.

This monetary trail is no mere coincidence nor a one-time occurrence, either. PayPal records list Yakim Jordan twice as a signer on MJ Ministries' financial account at PayPal, with entry listing dates of November 7, 2019 and April 16, 2020, at the same address. This indicates involvement and control over the financial affairs of MJ Spreading by Yakim Jordan personally. For this reason, purported MJ Spreading officer Luther McKinstry knew he was falsely signing an affidavit by claiming that there was no affiliation between MJ Spreading and Yakim Jordan, when Yakim Jordan was listed twice as an authorized signer on MJ Spreading's PayPal Account.

Although the Plaintiff contends that MJ Spreading's use of and payment for Yakim Jordan's personal Ytel account to place calls to Texas residents is sufficient to confer personal jurisdiction over both Yakim and MJ Spreading, adding Yakim Jordan as an authorized signer on the financial accounts for MJ Spreading demonstrates that there is

a sufficient personal connection between Yakim and MJ Spreading so as to establish both personal jurisdiction over the two, as well as individual liability.

    **E. Defendants have provided perjured affidavits in support of their Motion to Dismiss**

MJ Spreading's purported Chief Executive and Financial Officer, Luther McKinstry, signed his affidavit on January 14, 2020. (Ex. I ¶ 2.) In this affidavit, McKinstry claimed that there was no affiliation between Yakim and MJ Spreading. (Ex. I ¶ 6.) McKinstry made these claims and executed this affidavit well after MJ Spreading had added Yakim to its PayPal Account. Indeed, when MJ Spreading's PayPal account was updated on April 16, 2020 and again added Yakim, McKinstry doubled down on his lie and did not take any steps to amend or clarify his affidavit.

In addition, McKinstry stated that MJ Spreading did not engage in automated telephone solicitations, despite having deposited over $56,500 into Yakim and MJ Ministries' Ytel account months prior to the execution of his affidavit. (Ex. I ¶¶ 7-9.) It stretches credulity to believe that McKinstry, as MJ Spreading's CEO and CFO, had no clue that MJ Spreading was making these payments.

McKinstry therefore made two materially false and misleading statements to this Court under oath. Firstly, McKinstry lied in stating that there was no affiliation between Yakim and MJ Spreading, when there very clearly was, going as far as MJ Spreading adding Yakim as an authorized signer on its PayPal account. Secondly, McKinstry lied in stating that MJ Spreading did not engage in any automated telephone solitications, despite having deposited over $56,500 into Yakim and MJ Ministries' Ytel account.

Wayne Taylor a board member of MJ Ministries also executed a false affidavit and false verification to materially false interrogatory answers and  gave perjured

testimony in response to the Plaintiff's second set of interrogatories where he stated MJ Ministries did not pay Yakim Jordan to make calls in 2018 or 2019 and that Yakim Jordan doesn't work for or at the direction of MJ Ministries and that Yakim was not instructed or paid to make phone calls. Ex K Interrogatory #2 and 3 Responses to Plaintiff's Second set of discovery to defendants.

## Conclusion

Throughout this case, MJ Spreading's primary argument has been that Yakim Jordan and MJ Ministries are not affiliated with MJ Spreading, that they are completely separate entities, and that the Plaintiff is unable to hold MJ Spreading accountable for actions committed by allegedly unrelated third parties.

This contention, that the Defendants are unrelated, however, is a lie. Not only did MJ Spreading pay, via bank wire transfer, over $56,500 into Yakim Jordan and MJ Ministries' Ytel telemarketing account, which provided the funding to use over five hundred Texas telephone numbers to blast-call Texas residents, but MJ Spreading added Yakim Jordan as an authorized signer on its PayPal account. This conduct is not wholly unrelated to the calls Plaintiff received, either. During the identified months in which MJ Spreading deposited funds into Yakim and MJ Ministries' Ytel account, Plaintiff received at least twenty-five calls. Plaintiff anticipates that more extensive discovery will identify more payments, bank accounts, and calling records linking the Defendants to each other through a complex network of shell companies and individual patsies ultimately controlled by Yakim Jordan and MJ Ministries. MJ Spreading is merely one such entity.

To add insult to injury and make Plaintiff's work in proving his case all the more difficult, MJ Spreading has provided false affidavits claiming Yakim Jordan had no

affiliation with it, when in fact Yakim Jordan was a signer on MJ Spreading's financial accounts and MJ Spreading made payments into Yakim's Ytel account. MJ Spreading has falsely stated under oath in its interrogatories that it did not pay any money to Ytel, never retained Ytel, and never placed any automated calls, through Ytel or otherwise, despite its banking records showing over $56,500 in payments to Ytel over the course of three months and later adding Yakim Jordan as an authorized signer on its PayPal accounts.

   For the foregoing reasons, this honorable Court should deny MJ Ministries Spreading the Gospel Inc's Motion to Dismiss and find that this Court has personal jurisdiction over the Defendants.

Craig Cunningham
Plaintiff,                              7/21/2020
Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM,** **Plaintiff,** v. Manasseh Jordan Ministries, Inc., Bullion Fitness Inc., Kingdom Ministries Church, Inc., Yakim Manasseh Jordan, aka Manasseh Jordan, MJ Ministries Spreading the Gospel, Inc., John/Jane Does 1-5 **Defendant** | § § § § § § § § § § | 4:19-cv-00494 |

**Plaintiff's Certificate of Service**

1. I hereby certify a true copy of the foregoing was sent to the Defendants in this case.

Craig Cunningham
Plaintiff,         7/21/2020

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075